AKALITIS v. PHILADELPHIA & READING COAL & IRON CO.

(Circuit Court of Appeals, Second Circuit. January 9, 1917. On Petition for Rehearing, January 23, 1917.)

No. 136

1. APPEAL AND ERROR ⬗1050(2)—REVIEW—HARMLESS ERROR.

In an action for the death of plaintiff's husband, a servant, the erroneous admission of evidence as to the ages and occupation of plaintiff's children was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4154; Dec. Dig. ⬗1050(2).]

2. APPEAL AND ERROR ⬗261—REVIEW—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

Where no exception was taken relating exclusively to the language of the summing up of defendant's counsel, complaint on appeal cannot be predicated thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1500; Dec. Dig. ⬗261.]

On Petition for Rehearing.

3. TRIAL ⬗234(8)—INSTRUCTIONS—REFUSAL.

Where, in an action for the death of plaintiff's husband, a servant, the question of defendant's failure to place other servants present in court on the stand was fully discussed by counsel, the refusal of an instruction that the jury might assume that testimony of such witnesses, which would have been only cumulative, would have been unfavorable to defendant, was not error, where the court informed the jury that they might draw such inferences as they saw fit from the failure of defendant to place such witnesses on the stand.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 534; Dec. Dig. ⬗234(8).]

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of New York.

Action by Marcel Akalitis against the Philadelphia & Reading Coal & Iron Company. There was a judgment for defendant, and plaintiff brings error. Affirmed.

On writ of error to review a judgment entered December 19, 1915, in favor of the defendant and against the plaintiff for costs. The action was brought in the Supreme Court of New York to recover damages sustained by the plaintiff by reason of the alleged negligence of the defendant and was removed by the defendant to the United States District Court for the Eastern District of New York on the ground of diversity of citizenship. The plaintiff is the widow of Vincent Akalitis, deceased, and brings this action pursuant to the laws of Pennsylvania (Act April 26, 1855 [P. L. 309] § 1), alleging that he died of injuries received while working for defendant in the Silver Creek mine, Schuylkill county, Pa., in August, 1913. She asserts that said injuries were induced by the negligence of the defendant in failing to provide a safe place in which to work. The jury rendered a verdict in favor of the defendant.

The record shows that the plaintiff has assigned error in 99 instances, about half relating to the admission and the refusal to admit testimony and the remaining half relating to exceptions to the rulings of the court in charging and failing to charge various propositions of law. Neither party has filed a brief in accordance with the rules of this court.

Baltrus S. Yankaus, of New York City, for plaintiff in error.

Macklin, Brown & Purdy, of New York City, for defendant in error.

Before COXE, WARD, and HOUGH, Circuit Judges.

COXE, Circuit Judge (after stating the facts as above). [1] The absence of briefs makes it exceedingly difficult to deal with the questions argued. The testimony to which objection is made by the plaintiff in error found at folios 135 to 141 inclusive and folios 348 to 359 would seem to be immaterial but in view of what took place at the trial it is clear that its admission was not prejudicial to the plaintiff. It is as follows:

"Q. Is the oldest boy, the 19-year old one here? A. Yes, sir. Q. What is he doing? A. He is working in some factory. Q. What is the age of the next child? A. 17 years. Q. Is it a boy? A. A daughter 15 years old. Q. Is she working? A. She just commenced. Q. Then the rest of the children are not working, are they? A. Four are going to school."

The testimony at folio 348 is as follows:

"Q. Have you ever been back to Pennsylvania since you came to New York the first time? A. I was there on a visit. * * * Q. When was it you went back to Pennsylvania on this visit? A. I visited my brother and sisters. Q. When did you go back to Pennsylvania then? A. It was over a year ago. * * * In the next March it will be two years. * * * It was the first of March. I stayed there three days, and then I come back."

If there was anything in this testimony which injuriously affected the plaintiff's case, we are unable to perceive it. That it was irrelevant and immaterial may well be admitted, but we do not see how it was in the least degree prejudicial.

[2] The summing up by the defendant's counsel is printed in full in the record. Why this was done does not appear. No reversible error

can be predicated of what counsel said to the jury as no exception was taken relating exclusively to the language of this address. The question of residence was withdrawn from the jury by the counsel for the defendant. Upon the entire evidence we are satisfied that the questions of negligence were for the jury to pass upon and that a result has been reached which is justified by the proof.

The judgment is affirmed with costs.

## On Petition for Rehearing.

PER CURIAM. [3] The only ground stated in the petition for a rehearing about which we need to say anything is the complaint that we did not expressly rule upon the petitioner's exception to Judge Veeder's refusal to charge a request. It was to the effect that the jury might assume that the testimony of Lutcavage and Rowan, who were present in court, would have been unfavorable to the defendant because it did not put them on the stand. Rowan was assistant foreman. Lutcavage was a laborer under decedent's orders. Anything either of them knew would have been in the nature of things cumulative. Judge Veeder told the jury that counsel for the plaintiff and defendant had fully discussed the question as to the defendant's failure to put these men on the stand from their respective points of view and the jury might draw such inferences as they saw fit. This was as favorable an answer as the plaintiff was entitled to under the circumstances.

The petition is denied.